**SO ORDERED.**

**SIGNED this 24 day of June, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

IN RE:

LAW DEVELOPERS, LLC,

      Debtor.                        Case No. 08-00965-8-JRL
                                                      Chapter 11

_____

### ORDER

This case is before the court on the debtor's objection to the secured proof of claim filed by The Bank of Currituck (Currituck). On June 2, 2008, the court conducted a hearing on this matter in New Bern, North Carolina.

### FACTS

The debtor, Law Developers, LLC (Law Developers), filed for relief under Chapter 11 of the Bankruptcy Code on February 14, 2008 and continues to operate as a debtor-in-possession pursuant to 11 U.S.C. § 1107. On January 12, 2006, the debtor executed to Currituck a promissory note in the maximum amount of $194,500.00, secured by a deed of trust to William Brumsey III, as trustee for the benefit of Currituck, and recorded the deed of trust in the Perquimans County registry. By inadvertent draftsman's error, the legal description of the property encumbered by the deed of trust

is identified as Lot 43 of Cedarwood Village. However, the intended legal description of the property encumbered by the deed of trust, as shown on page one of the deed of trust, is Lot 17 of Cedarwood Village. The parties agree that the intended legal description of the property encumbered by the deed of trust is Lot 17 of Cedarwood Village. Currituck filed a secured proof of claim in the amount of $204,117.59. On April 2, 2008, and by amended notice of motion on April 7, 2008, the debtor filed an objection to Currituck's proof of claim as a secured creditor. The debtor contends that the documents supporting Currituck's claim do not indicate a deed of trust on Lot 17, but would only reflect a lien on Lot 43, which was sold by the debtor on November 3, 2006. The debtor requests that the claim be allowed as an unsecured claim in the amount of $204,117.59. Currituck contends that the deed of trust should be reformed to correct the mistake in order to reflect the true intention of the parties to encumber Lot 17 with a deed of trust in favor of Currituck.

## DISCUSSION

A properly filed proof of claim is "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). An objecting party has the initial burden of challenging a properly filed proof of claim. In re Se. Chem. Corp., 2007 Bankr. LEXIS 2136 (Bankr. M.D.N.C. June 19, 2007). If the objecting party produces evidence challenging the proof of claim, the burden shifts back to the claimant to prove the claim's validity. Id. Here, the debtor contends that Currituck's secured proof of claim should be disallowed because the deed of trust lacks an adequate description and therefore Currituck does not have a lien on Lot 17. Under North Carolina law, "[a] deed purporting to convey an interest in land is void unless it contains a description of the land sufficient to identify it or refers to something extrinsic by which the land may be identified with certainty." Overton v. Boyce, 289 N.C. 291, 293 (1976). The description contained in the deed of

trust must be "either certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which the deed refers." Duckett v. Lyda, 223 N.C. 356, 358 (1943). In this case, the deed of trust refers to both Lots 17 and 43 of Cedarwood Village. It is not clear from the face of the document which parcel of land is intended to be encumbered by the deed of trust. In addition, the deed of trust does not refer to anything extrinsic that would explain the ambiguity. Therefore, the deed of trust, as written, is void under North Carolina law as the document fails to provide an adequate description of the encumbered property.

In light of the defective description in the deed of trust, Currituck argues that the deed of trust should be reformed in order to reflect the true intention of the parties to encumber Lot 17. Reformation is an equitable remedy where a court rewrites a deed to make it conform to the intention of the parties. Metro. Prop. & Cas. Ins. Co. v. Dillard, 126 N.C. App. 795, 798 (1997). Reformation is used to reframe written instruments in cases of mutual mistake or draftsman's error where the written documents fail to embody the parties' actual, original agreement. Id.; see also Strong, N.C. Index 4th, Reformation of Instruments § 6. The party seeking reformation has the burden of showing that a material agreement between the parties is incorrectly incorporated in the instrument and that the agreement of the parties was not included in the instrument by mistake. Light v. Equitable Life Assurance Soc'y, 56 N.C. App. 26, 33 (1982). Here, it is undisputed that the deed of trust does not reflect the true intention of the parties. The parties agree that the deed of trust was intended to encumber Lot 17 of Cedarwood Village, and not Lot 43, and that a draftsman's error is responsible for the reference to Lot 43 on page two of the deed of trust. Therefore, absent other law, this is a clear case where reformation of the deed of trust would be appropriate to conform the instrument to the true intention of the parties.

However, North Carolina law also provides the general rule that reformation rights will not

be granted if the rights of an innocent bona fide purchaser, or someone occupying a similar status, would be prejudiced. Hice v. Hi-Mil, Inc., 301 N.C. 647, 653 (1981). Therefore, reformation is inappropriate if Law Developers qualifies as a bona fide purchaser for value, or someone occupying a similar status, whose rights would be prejudiced by reforming the deed of trust to encumber Lot 17. Section 544(a)(3) of the Bankruptcy Code provides that "[t]he trustee shall have, as of the commencement of the case, . . . the rights and powers of . . . a bona fide purchaser of real property." 11 U.S.C. § 544(a)(3). Therefore, in Chapter 11, a debtor-in-possession has the power to avoid a claim that could be voidable by a bona fide purchaser for value at the time of the filing of the bankruptcy petition. In re Hartman Paving, Inc., 745 F.2d 307, 309 (4th Cir. 1984). However, the Fourth Circuit, in a heavily criticized opinion, has held that a debtor-in-possession, acting as a bona fide purchaser pursuant to Section 544(a)(3), cannot invalidate a deed of trust where he is an original party to the deed of trust and had actual notice of its existence. Id. at 310. Thus, under Hartman Paving, a Chapter 11 debtor's actual notice of a mistake in a deed of trust is imputed to the debtor-in-possession acting as a bona fide purchaser for value. A debtor-in-possession with notice of the deed of trust is not "innocent" and therefore cannot prevent reformation of the deed of trust under North Carolina law.

      In this case, it is clear that the Fourth Circuit's holding in Hartman Paving prevents the debtor from invalidating the deed of trust pursuant to its status as a bona fide purchaser for value under Section 544(a)(3). The debtor was a party to the original transaction and had actual notice of the transaction and the recording of the deed of trust in the Perquimans County registry. However, while Hartman Paving focuses on the debtor-in-possession's position as a bona fide purchaser under 544(a)(3), Section 544(a)(1) of the Code also acts to give the debtor-in-possession the status of a judicial lien creditor on all property as of the date of the bankruptcy petition. 11

U.S.C. § 544(a)(1). "Once the [debtor-in-possession] has assumed the status of a hypothetical lien creditor under Section 544(a)(1), state law is used to determine what the lien creditor's priorities and rights are." In re Kors, 819 F.2d 19, 22-23 (2d Cir. 1986). Under North Carolina law, an intervening judgment lien will only cut off reformation rights where the lien creditor is without knowledge of the mistake and has "advanced some new consideration or incurred some new liability on the faith of the apparent ownership." M&J Fin. Corp. v. Hodges, 230 N.C. 580, 582 (1949).

In this case, Currituck's reformation rights were cut off as of the petition date because Section 544(a)(1) assumes that the debtor-in-possession is a judicial lien creditor that both has no knowledge of the mistake and incurred new liability on the petition date. First, unlike under Section 544(a)(3), no Fourth Circuit case imputes the debtor's knowledge of the deed of trust to the debtor-in possession acting as a hypothetical judicial lien creditor pursuant to Section 544(a)(1). This analysis was followed by the Bankruptcy Court for the Eastern District of North Carolina in In re Millerburg, 61 B.R. 125 (Bankr. E.D.N.C. 1986). In Millerburg, the court found that Hartman Paving prevents a debtor-in-possession from qualifying as a bona fide purchaser without knowledge under Section 544(a)(3), but that "notice and knowledge are not factors to be considered" for purposes of the debtor-in-possession's position as a hypothetical judicial lien creditor under Section 544(a)(1). Therefore, following the court's reasoning in Millerburg, the debtor-in-possession is assumed to be innocent for purposes of North Carolina reformation law when acting as the holder of a hypothetical judicial lien. Second, Section 544(a)(1) states that the debtor-in-possession is treated as "a creditor that extends credit to the debtor at the time of the commencement of the case." Because the debtor-in-possession is treated as having extended credit subsequent to the recording of the defective deed of trust, the requirement that the debtor-in-possession incur new liability is met. Therefore, the hypothetical judicial lien cut off Currituck's reformation rights as of the date

5

of the bankruptcy petition. Since reformation is not possible, the deed is void and Currituck does not hold a lien on Lot 17.

## CONCLUSION

Pursuant to the foregoing, the court ALLOWS the debtor's objection to the secured proof of claim filed by Currituck. The court declines Currituck's request to reform the deed of trust to reflect a lien on Lot 17, Cedarwood Village. Currituck's claim is allowed as an unsecured claim in the amount of $204,117.59.

"END OF DOCUMENT"